**Thomas P. Smith, Jr.**
**Acting Regional Director**
**Sheldon Pollock**
**Adam S. Grace**
**Christopher J. Dunnigan**
**Peter A. Pizzani, Jr.**
**SECURITIES AND EXCHANGE COMMISSION**
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004-2616
(212) 336-0061 (Dunnigan)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | Civil Case No. 22-civ.-5080 |
| Plaintiff, | |
| v. | COMPLAINT |
| **ANTHONY J. MASTROIANNI, JR.** and **GLOBAL BUSINESS DEVELOPMENT and CONSULTING CORP.** | Jury Trial Demanded |
| Defendants. | |

Plaintiff Securities and Exchange Commission ("Commission"), for its Complaint against Defendants Anthony J. Mastroianni Jr. ("Mastroianni"), residing at 17 Deepwater Circle in Manalapan, New Jersey 07726, and Global Business and Development and Consulting Corp. ("Global"), whose address is 17 Deepwater Circle in Manalapan, New Jersey 07726 and (collectively "Defendants") alleges as follows:

## SUMMARY

1. Between at least February 2017 – May 2022 (the "Relevant Period"), Mastroianni offered and sold securities in the form of promissory notes issued by Global (the "Global Notes"), by making materially false and misleading statements and omitting material facts.

2. During this period, Defendants sold securities to at least eleven investors.

3. Defendants raised at least $1.2 million from the sale of the Global Notes during the Relevant Period.

4. Mastroianni falsely represented to at least certain of the investors that, among other things, the money they invested in the Global Notes would be used to make loans to other businesses, which would generate the profits used to repay the Global Notes.

5. The Global Notes promised investors extraordinarily high interest rates, ranging from 50% to 175%.

6. Contrary to Defendants' representations, Mastroianni used significant amounts of investor money raised through the sale of the Global Notes to fund his lifestyle and pay for various personal expenses.

7. Defendants have defaulted on the Global Notes, and investors have not been repaid either the principal or the interest they are owed under the terms of the Global Notes.

## VIOLATIONS

8. By virtue of the foregoing conduct and as alleged further herein, Defendants violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

9. Unless Defendants are restrained and enjoined, they will engage in the acts,

practices, transactions, and courses of business set forth in this Complaint or in acts, practices, transactions, and courses of business of similar type and object.

## NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT

10. The Commission brings this action pursuant to the authority conferred upon it by Securities Act Sections 20(b) and 20(d) [15 U.S.C. §§ 77t(b) and 77t(d)], and Exchange Act Section 21(d) [15 U.S.C. § 78u(d)].

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to Securities Act Section 22(a) [15 U.S.C. § 77v(a)] and Exchange Act Section 27 [15 U.S.C. § 78aa].

12. Defendants, directly and indirectly, have made use of the means or instrumentalities of interstate commerce or of the mails in connection with the transactions, acts, practices, and courses of business alleged herein.

13. Venue lies in this District under Securities Act Section 22(a) [15 U.S.C. § 77v(a)] and Exchange Act Section 27 [15 U.S.C. § 78aa]. Defendants may be found in, are inhabitants of, or transact business in the District of Jersey, and certain of the acts, practices, transactions, and courses of business alleged in this Complaint occurred within this District.

## DEFENDANTS

14. Mastroianni, age 48, is a resident of New Jersey. He is the sole owner and employee of Global. Mastroianni once held the Series 7 and Series 63 licenses but was barred by the Financial Industry Regulatory Authority ("FINRA") from association with any registered broker-dealer in December 2016.  During the Relevant Period, Mastroianni and his wife filed a joint bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey.

They each received an order discharging most of their pre-bankruptcy debts on February 21, 2020.

15. Global is a New York corporation that was incorporated with a Freeport, New York address, although it has operated from other locations in New York and New Jersey during the Relevant Period. During the Relevant Period, Mastroianni owned and controlled Global.

## FACTS

DEFENDANTS OFFERED AND SOLD SECURITIES

16. During the Relevant Period, Mastroianni, acting on behalf of Global, offered and sold the Global Notes to investors living in various parts of the country.

17. The investors who purchased the Global Notes ranged in age from 64 to 82.

18. The Global Notes, most of which had maturities of nine months or less, promised the holders of the notes interest rates ranging from 50% to 175%.

19. Mastroianni often convinced investors to roll over the amounts due on the Global Notes into new notes with additional principal investments rather than collect the amounts due at maturity.

Examples of Investors

20. Investor A, age 67, invested a total of $160,300.00 in eleven Global Notes between 2019 and 2021 with interest rates ranging from 65% per year to 175% over six months.

21. Mastroianni told Investor A that Global was in the factoring business and would use the money it raised to buy accounts receivable from various companies to generate profits for Global.

22. Several times Mastroianni persuaded Investor A to roll over the amounts due on existing notes into new notes with an additional investment of principal. For example, on or

about December 6, 2019, Global issued a promissory note to Investor A in the principal amount of $20,000 consisting of the $15,000 owed on a prior note plus a new investment of $5,000. The new note promised to pay Investor A $33,000 on April 30, 2020 consisting of the principal sum of $20,000 plus 65% annual interest.

23. Mastroianni repeatedly convinced Investor A to roll over the amounts due on prior notes and make additional investments.

24. All of the Global Notes issued to Investor A have matured and Investor A has not been repaid in accordance with the terms of the Global Notes issued.

25. Investor B, age 82, invested at least $55,575. Mastroianni cold called Investor B to offer him the opportunity to invest in Global Notes.

26. Contrary to his representation to Investor A that Global's business was buying accounts receivable, Mastroianni told Investor B that Global made money by making short-term loans, sometimes overnight, at very high rates of interest. He told Investor B that the high rates of return Global realized from making these loans enabled it to offer high rates of interest on the Global Notes. Investor B invested in several total Global Notes over a three year period, including roll-overs of existing obligations plus new investments. The interest rates on the Global Notes issued to Investor B ranged from 50% to 80%. Investor B has not received any payment on the Global Notes, all of which reached maturity in 2018 and 2019.

27. Investor C, age 77, had been a brokerage customer of Mastroianni's before Mastroianni was barred by FINRA.

28. Investor C invested approximately $65,000 in the Global Notes in 2019 and 2020. The Global Notes promised to repay Investor C his principal investment with interest rates

ranging from 80% to 110%.  Defendants have not paid Investor C in accordance with the terms of his Global Notes.

**DEFENDANTS MISREPRESENTED HOW THE PROCEEDS OF THE GLOBAL NOTE SALES WOULD BE USED AND MISAPPROPRIATED INVESTOR FUNDS**

29. Global's bank records show that during the Relevant Period, Mastroianni took a substantial portion money Global received from the sale of the Global Notes for his personal use, such as payments to Disney Resorts, HardRock Casino, Harrah's, Ives Saint-Laurent, Tiffany & Co., Harley-Davidson, Burberry, Louis-Vuitton, Cigarz, and a variety of other personal expenses.

30. Additionally, Mastroianni withdrew over $486,000 in cash from Global during the Relevant Period.

31. For example, on August 13, 2020, Global received $12,000 from Investor A. During the following week, Global paid over $5,000 in car payments and issued nearly $4,000 in checks to a realty company and an individual with the notations "Seaside House" and "House" respectively. On December 3, 2021, Global received $18,750 from a fourth investor, Investor D, age 77.  Within a week of receiving Investor D's investment, Mastroianni took approximately $13,000 from Global's bank account in the form ATM withdrawals, transfers to his checking account, auto lease payments, and payment to the Gucci store.

32. There is no indication in Global's bank records from the Relevant Period that Global was using the funds raised from the note holders to make short term loans to other businesses or factoring accounts receivable.

33. There is no indication in Global's bank records from the Relevant Period that Global generated income sufficient to pay the high interest rates that Mastroianni continued to promise investors throughout the Relevant Period.

6

**FIRST CLAIM FOR RELIEF**
**Violations of Securities Act Section 17(a)**
**(All Defendants)**

34. The Commission re-alleges and incorporates by reference herein the allegations in paragraphs 1 through 33.

35. Defendants, directly or indirectly, singly or in concert, in the offer or sale of securities and by the use of the means or instruments of transportation or communication in interstate commerce or the mails, (1) knowingly or recklessly have employed one or more devices, schemes or artifices to defraud, (2) knowingly, recklessly, or negligently have obtained money or property by means of one or more untrue statements of a material fact or omissions of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and/or (3) knowingly, recklessly, or negligently have engaged in one or more transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

36. By reason of the foregoing, Defendants, directly or indirectly, singly or in concert, have violated and, unless enjoined, will again violate Securities Act Section 17(a) [15 U.S.C. § 77q(a)].

**SECOND CLAIM FOR RELIEF**
**Violations of Exchange Act Section 10(b) and Rule 10b-5 Thereunder**
**(All Defendants)**

37. The Commission re-alleges and incorporates by reference herein the allegations in paragraphs 1 through 33.

38. Defendants, directly or indirectly, singly or in concert, in connection with the purchase or sale of securities and by the use of means or instrumentalities of interstate commerce, or the mails, or the facilities of a national securities exchange, knowingly or

recklessly have (i) employed one or more devices, schemes, or artifices to defraud, (ii) made one or more untrue statements of a material fact or omitted to state one or more material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and/or (iii) engaged in one or more acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons.

39. By reason of the foregoing, Defendants, directly or indirectly, singly or in concert, have violated and, unless enjoined, will again violate Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that the Court grant the following relief:

### I.

A final judgment finding that the Defendants violated the securities laws and rules promulgated thereunder as alleged herein.

### II.

A final judgment, restraining and enjoining Defendants, their agents, servants, employees, and attorneys and all other persons in active concert or participation with them and each of them, from directly or indirectly violating Section 17(a) of the Securities Act [15U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

### III.

Ordering Defendants to disgorge all ill-gotten gains they received directly or indirectly,

with pre-judgment interest thereon, as a result of the alleged violations pursuant to Sections 21(d)(5) and 21(d)(7) of the Exchange Act [15 U.S.C. §78u (d)(5) and §78u(d)(7)];

**IV.**

Ordering Defendants to pay civil monetary penalties under Securities Act Section 20(d) [15 U.S.C. § 77t(d)] and Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)]; and

**V.**

Granting such other and further relief as this Court deems just and proper.

Dated:  Nags Head, North Carolina
        August 17, 2022

*Thomas P. Smith Jr.*
Thomas P. Smith, Jr.
Acting Regional Director
Sheldon Pollock
Adam S. Grace
Christopher J. Dunnigan
Peter A. Pizzani, Jr.
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004-2616
(212) 336-0061 (Dunnigan)

## LOCAL RULE 11.2 CERTIFICATION

Pursuant to Local Rule 11.2, I certify that the matter in controversy alleged against the Defendants Anthony J. Mastroianni, Jr. and Global Business Development and Consulting Corp. in the foregoing Complaint is not the subject of any other civil action pending in any court, or of any pending arbitration or administrative proceeding, with the exception of the matter *United States v. Anthony J. Mastroianni*, 22-mj-10287 (D.N.J. 2022).

*Christopher J. Dunnigan*
CHRISTOPHER J. DUNNIGAN
Attorney for Plaintiff
Securities and Exchange Commission
New York Regional Office
Brookfield Place
100 Pearl Street, Suite 20-100
New York, NY  10004-2616
(212) 336-0061 (Dunnigan)
Email:  dunnigancj@sec.gov

Of Counsel:

Thomas P. Smith
Shelodon Pollock
Adam S. Grace
Peter A. Pizzani

**DESIGNATION OF AGENT FOR SERVICE**

Pursuant to Local Civil Rule 101.1(f), the undersigned hereby designates the United States Attorney's Office for the District of New Jersey to receive service of all notices or papers in this action at the following address:

>David E. Dauenheimer
>United States Attorney's Office
>Deputy Chief, Government Fraud Unit
>District of New Jersey
>970 Broad Street, Suite 700
>Newark, NJ 07102

>SECURITIES AND EXCHANGE COMMISSION

>*/s/ Christopher J. Dunnigan*
>CHRISTOPHER J. DUNNIGAN
>*Attorney for Plaintiff*
>100 Pearl Street, Suite 20-100
>New York, NY  10004-2616
>(212) 336-0061(Dunnigan)
>dunnigancj@sec.gov

Of Counsel:

Thomas P. Smith
Shelodon Pollock
Adam S. Grace
Peter A. Pizzani